**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edelmira Encarnacion, et al., | No. CV-24-01384-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| JB Hunt Transport Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant J.B. Hunt Transport, Inc.'s Response opposing Plaintiffs' Motion for Reconsideration relating to expert witness disclosure deadlines. (Doc. 46.) Defendant asks the Court to vacate its prior order granting Plaintiffs' motion for reconsideration. (*See id.* at 11.) Alternatively, Defendant seeks an amendment to the prior order that (1) limits Plaintiffs' expert disclosures to "the two life care planning experts identified in the [Motion for Reconsideration], and (2) requires Plaintiffs to reimburse Defendant for the costs associated with redeposing Plaintiffs and obtaining supplements to Defendants' disclosed expert reports." (*Id.*) Defendant Eduardo Serrato joins the Response. (Doc. 47.) Plaintiffs did not file a reply brief.

To begin, the Court construes Plaintiffs' Motion for Reconsideration (Doc. 33) as seeking relief under LRCiv. 7.2(g) or, alternatively, Federal Rule of Civil Procedure 37(c)(1). The Court's June 3, 2025, Order denied relief under LRCiv. 7.2(g) because there was no discovery sanction preventing Plaintiffs from providing expert disclosures; thus, there was no reason to reconsider the Court's earlier decision under *Wendt v. Host*

*International, Inc.*, 125 F.3d 806 (9th Cir. 1997). (Doc. 43 at 3 n.3.) The Order did, however, find late disclosure appropriate under Rule 37(c)(1). Defendants' Response addresses LRCiv. 7.2(g) and Rule 37(c)(1). The Court will only consider arguments related to Rule 37(c)(1) because those go to the relief granted in the June 3, 2025, Order.

The Court's June 3, 2025, Order identified the multi-factor analysis applicable under Rule 37(c)(1). It is acknowledged that Defendants' arguments further tip the prejudice or surprise factor against finding Plaintiffs' conduct harmless. *See Krause v. County of Mohave*, 459 F. Supp. 3d 1258, 1270 (D. Ariz. 2020). But the reality in this Circuit is a party's late disclosure requires weighing multiple factors when considering whether late disclosure is permitted. *See R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012). On balance, the Court still finds Plaintiffs' conduct harmless and late disclosure appropriate.

Defendants' Response does, however, persuasively argue late disclosure should be limited to the specific experts identified in Plaintiffs' Motion for Reconsideration. The Court will amend its prior order to indicate Plaintiffs may only provide expert disclosures related to their life-care planning experts. The Court will not order Plaintiffs to reimburse Defendants attorney's fees or costs.

Accordingly,

**IT IS ORDERED** the Court's June 3, 2025, Order (Doc. 43) is amended as follows: Plaintiffs shall provide expert disclosures related to their life-care planning experts no later than **Tuesday, July 8, 2025**. The Order is reaffirmed in all other respects.

Dated this 27th day of June, 2025.

Michael T. Liburdi
United States District Judge